**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | BANKRUPTCY NO. 21-22031-CMB |
| AKSHITA BANERJEE | |
| Debtor, | CHAPTER 13 |
| SADIS & GOLDBERG, LLP | |
| Plaintiff, | Adversary Proc. No.: 23-02011-CMB |
| v. | Adv. Pro. Doc. No. |
| AKSHITA BANERJEE | Related to Adv. Doc. Nos.: 1 and 7 |
| Defendant | |

**ANSWER TO COMPLAINT OBJECTING TO DISCHARGE
AND TO OBTAIN A DETERMINATION OF
DISCHARGEABILITY OF DEBT**

**AND NOW** comes Akshita Banerjee, the Debtor in the above-referenced Chapter 13

Case and the Defendant in the instant Adversary Proceeding, by and through her undersigned

Counsel, and files this Answer to Complaint Objecting to Discharge and to Obtain a

Determination of Dischargeability of Debt as follows:

1.  The averments of Complaint Paragraph 1 are conclusions of law to which no response

    is required.

2.  The averments of Complaint Paragraph 2 are conclusions of law to which no response

    is required.

3.  The averments of Complaint Paragraph 3 are admitted.

4.  The averments of Complaint Paragraph 4 are admitted.

5. The averments of Complaint Paragraph 5 are admitted in part and denied in part. It is

admitted that Sadis has filed a Proof of Claim in Debtor's Chapter 13 Case. It is

denied that the Proof of Claim sets forth a legitimate claim. On the contrary, said

claim is disputed. The "judgment" referenced was taken by default and is the subject

of a pending appeal in the 3rd Circuit Court of Appeals. The default judgment taken

against the Debtor was based on allegedly fraudulent transfers from Debtor's husband

to Debtor. Not only is it denied that any fraudulent transfers occurred, and not only is

the judgment underlying Sadis' claim against the Debtor a default judgment subject to

a pending appeal, but a separate judgment against Debtor's husband upon which the

whole fraudulent conveyance action was based was also taken by default. In that

instance, the default judgment against Debtor's husband was also appealed which

ultimately resulted in a remand back to the lower court where the matter remains

undecided. The claims of Sadis against Debtor herein, as well as the underlying

claims against her spouse have been, and continue to be, disputed.

It is admitted that Sadis is a creditor herein however, by way of further answer, Sadis'

claim is disputed.

6. The averments of Complaint Paragraph 6 are admitted in part and denied in part. It is

admitted that Sadis has commenced the instant Adversary Proceeding. The balance of

the averments summarizes the relief being sought in its Complaint. Said averments

are denied in that Sadis' Complaint speaks for itself.

7. The averments of Complaint Paragraph 7 are admitted.

8. The averments of Complaint Paragraph 8 are admitted.

9. The averments of Complaint Paragraph 9 are admitted.

10. The averments of Complaint Paragraph 10 are admitted in part and denied in part. It

     is admitted that Sadis represented Debtor's spouse as alleged. The averment regarding

     the amount of unpaid legal fees incurred is denied in that it is believed and therefore

     averred that said fee amounts are grossly inflated and excessive. Strict proof

     regarding the alleged fee amount claimed in hereby demanded. In addition, it is

     believed and therefore averred that the Debtor's husband and Sadis resolved the fee

     issue with Debtor's husband pledging certain assets to satisfy debt. Sadis, however,

     breached the agreement and commenced litigation despite same. As such, the fees

     claimed to be due are denied.

11. The averments of Complaint Paragraph 11 are admitted in part and denied in part. It

     is admitted that Sadis commenced a legal action in regard to its disputed fee claim

     against Debtor's husband as alleged. It is denied that Sadis made "various attempts to

     collect the unpaid balance" for the reasons set forth in Answer Paragraph 10 which is

     incorporated herein by reference.

12. The averments of Complaint Paragraph 12 are admitted.

13. The averments of Complaint Paragraph 13 are admitted in part and denied in part. It

     is admitted that Debtor's husband moved to set aside the default judgment entered

     against him. The balance of the averments characterizing the content of his Motion

     are denied in that said Motion speaks for itself.

14. The averments of Complaint Paragraph 14 are admitted in part and denied in part. It

     is admitted that the Motion filed by Debtor's husband was denied. It is further

     admitted that Debtor's husband appealed said denial. The balance of the averments

characterizing the content of the appellate arguments of Debtor's husband are denied in that said appellate arguments speak for themselves.

15. The averments of Complaint Paragraph 15 are admitted. By way of further answer, it is clear that the default judgment entered against Debtor's spouse has been, and remains, disputed.

16. The averments of Complaint Paragraph 16 are denied in that said averments reference and characterize the content of various documents and pleadings all of which speak for themselves. Sadis here, and throughout its Complaint, cherry-picks out of context bits of information while ignoring other relevant bits of information which contradict its overall arguments. In this particular paragraph we get references to "filings" and "discovery" which are never specified but which are then summarized out of context to fit Sadis' narrative. Said averments are out of context and are misleading. Further, the documents, filings and, discovery responses referenced which underlie said averments speak for themselves. As such, said averments are denied.

17. The averments of Complaint Paragraph 17 are denied in that the deposition testimony referenced speaks for itself. By way of further answer, the averments of Answer Paragraph 16 are incorporated herein by reference.

18. The averments of Complaint Paragraph 18 are denied. The deposition testimony referenced is denied in that said testimony speaks for itself. By way of further answer, the averments of Answer Paragraph 16 are incorporated herein by reference. The averment that Debtor's husband received no consideration for monies transferred to the Debtor in 2013 and 2014 is denied in that the monies were transferred in accordance with a marital separation agreement of which Sadis is fully aware but

neglects to mention. The averment that monies paid from Debtor's husband to Debtor in 2013 and 2014 were fraudulent conveyances is a conclusion of law to which no response is required. Those monies were payable to Debtor pursuant to the separation agreement entered in the summer of 2012 (which was prior to the lawsuit from Sadis). To the extent a response is required, said averment is denied.

19. The averments of Complaint Paragraph 19 are admitted. By way of further answer, however, it is denied that the fraudulent transfer claims asserted by Sadis had merit.

20. The averments of Complaint Paragraph 20 are denied as stated. The Debtor and her spouse had sought an extension of the time to respond but same was denied which led to the entry of another default judgment in favor of Sadis as alleged.

21. The averments of Complaint Paragraph 21 are admitted in part and denied in part. It is admitted that Debtor and her spouse filed a Motion to set aside the default judgment. The balance of the averments characterizing the content of said Motion is denied in that said Motion speaks for itself.

22. The averments of Complaint Paragraph 22 are denied in that the affidavits and the voicemail referenced speak for themselves. By way of further answer, the Debtor and her spouse thereafter did seek an extension of time to respond but same was denied and a default judgment was entered.

23. The averments of Complaint Paragraph 23 are denied in that the Memorandum Order entered speaks for itself. By way of further answer, the Order referenced is currently subject to an appeal pending in the 3rd Circuit Court of Appeals. The claim has been, and remains, disputed.

24. The averments of Complaint Paragraph 24 are denied as stated for the reasons set forth in Answer Paragraphs 18, 19, 20, and 23 which are incorporated herein by reference.

25. The averments of Complaint Paragraph 25 are conclusions of law to which no response is required. To the extent a response is required, said averments are denied for the reasons set forth in Response Paragraphs 13, 14, 15, 18, 19, 20 and 23 which are incorporated herein by reference.

26. The averments of Complaint Paragraph 26 are admitted in part and denied in part. It is denied that Debtor's spouse operates, or has ever operated, SSA Capital. The balance of the averments are admitted. The Debtor later transferred ownership of SSA Capital to the SASB Trust with arrangements made to continue to get paid fees for performing services as a manager both current and any deferred fees (which were converted to equity due to lack of funds at SSA Capital or the Trust to pay some of those fees to Debtor).

27. The averments of Complaint Paragraph 27 are denied. It is again denied that Debtor's spouse operates or has ever operated SSA Capital. It is denied that Debtor or her spouse own any of the entities cited. Likewise, neither of them control any of the entities cited. On the contrary, said entities are real estate investment entities and Debtor, through SSA Capital, provides real estate management services to said entities. By way of further Answer, and to avoid confusion, Debtor owned SSA Capitol Advisors, LLC. When Sadis references different SSA entities, they are not, and never were, owned by the Debtor.

28. The averments of Complaint Paragraph 28 are denied. As part of management fees earned by the Debtor for real estate management services provided to said entities SSA Capital was granted equity portions in SSA I and SSA II in that no money was available to pay the Debtor the fees earned. As money became available, Debtor was paid her owed fees and the equity interest was extinguished. SSA Capital did not invest in either entity referenced. By way of further Answer, the Debtor incorporates Answer Paragraph 27 herein by reference.

29. The averments of Complaint Paragraph 29 are admitted in part and denied in part. It is admitted that a trust known as the SASB Trust was formed in 2014. It is denied that Debtor and her spouse have ever controlled said trust. On the contrary, the initial trust assets were term life insurance policies (with no cash value) which were granted to the trust by the Debtor and her spouse. Neither Debtor, nor her spouse, have ever been trustees or beneficiaries of the trust. The trust was created for the benefit of Debtor's daughter.

30. The averments of Complaint Paragraph 30 are admitted in part and denied in part. It is admitted that Sadis filed a Motion as alleged. The balance of the averments characterizing the content of said Motion is denied in that said Motion speaks for itself.

31. The averments of Complaint Paragraph 31 are denied in that the response referenced speaks for itself. By way of further answer, the Debtor incorporates Answer Paragraph 29 herein by reference.

32. The averments of Complaint Paragraph 32 are denied. On the contrary, Debtor had no prior dealings with Sadis to whom she owed no obligation. She further believed that

her husband disputed Sadis' claims against him and further believed that the dispute

between her husband and Sadis had been resolved with Debtor's husband having

provided Sadis a certain Pledge Agreement in 2008. Sadis did not try to contact the

Debtor or her spouse from 2009 October until 2015 when Default Judgement was

entered against Debtor's husband. This alleged debt was based upon legal services

provided to Debtor's husband, not the Debtor. Judgment was not entered against the

Debtor as she had nothing to do with the alleged debt.

33. The averments of Complaint Paragraph 33 are denied. As noted, the initial assets

    granted to the trust were term life insurance policies with no cash value. No portion of

    the $539,956.00 referenced of Complaint Paragraph 33 was put into the trust. In fact,

    other than the no cash value, term life insurance policies and Debtor's no cash value

    interest on SSA Capital, the Debtor and her husband have not put any assets into the

    SASB Trust. Further, the Debtor and her spouse are not, and have never been,

    beneficiaries or trustees of the trust.

34. The averments of Complaint Paragraph 34 are admitted in part and denied in part. It

    is admitted that an order was entered. The balance of the averments characterizing the

    content and the legal effect of said Order are denied in that said Order speaks for

    itself. By way of further answer, the Order referenced is subject to a pending appeal

    in the 3rd Circuit Court of Appeals.

35. The averments of Complaint Paragraph 35 are denied for the reasons set forth in

    Answer Paragraph 34 which is incorporated herein by reference.

36. The averments of Complaint Paragraph 36 are admitted. SSA Capital is a service

    company with no assets. It is wholly dependent upon property management services

provided by the Debtor. SSA Capital was moved into the Trust so that there could be cash flow to allow Funds within the Trust to grow. SSA Capital has no value if Debtor stops working. By way of further Answer, the Debtor incorporates Answer Paragraph 27 herein by reference,

37. The averments of Complaint Paragraph 37 are denied in that the deposition testimony referenced speaks for itself. By way of further response, it is denied that said testimony is any way contradictory. By way of further response, the Debtor incorporates Answer Paragraph 36 herein by reference.

38. The averments of Complaint Paragraph 38 are denied in that the document referenced speaks for itself. By way of further answer, this is akin to listing oneself as an incorporator in regard to a corporation. The manner in which she had to fill out the document does not make her an owner or controller of real estate or any related assets. In fact, Debtor has no such ownership or control.

39. The averments of Complaint Paragraph 39 are denied. There was no backdating of documents. The transfer of SSA Capital interests to the trust was not to protect assets from creditors. On the contrary, SSA Capital has no assets. It is a pure service company which would become immediately defunct without Debtor's property management services. By way of further answer, the Debtor incorporates Answer Paragraphs 36, 37 and 38 herein by reference.

40. The averments of Complaint Paragraph 40 are denied in that the letter and the Order referenced speak for themselves. By way of further response, the Order is subject to an appeal pending in the 3rd Circuit Court of Appeals. In addition, neither Debtor or her spouse have ever been beneficiaries or Trustees of the trust.

41. The averments of Complaint Paragraph 41 are denied in that the letter and the Order referenced speak for themselves. By way of further response, the Order is subject to an appeal pending in the 3rd Circuit Court of Appeals. In addition, neither Debtor or her spouse have ever been beneficiaries or Trustees of the trust.

42. The averments of Complaint Paragraph 42 are denied in that the letter and the Order referenced speak for themselves. By way of further response, the Order is subject to an appeal pending in the 3rd Circuit Court of Appeals. In addition, neither Debtor or her spouse have ever been beneficiaries or Trustees of the trust.

43. The averments of Complaint Paragraph 43 are admitted in part and denied in part. It is denied that SSA Capital had an account at Bank of America. It is denied that Debtor had an account at Bank of America. The Debtor does not know if the SASB Trust had an account at Bank of America and thus said averment is denied and strict proof thereof is demanded. It is admitted that Sadis sent the letter and writ of execution as alleged.

44. The averments of Complaint Paragraph 44 are admitted in part and denied in part. SSA Capital had no account at Bank of America to freeze and thus said averment is denied. The Debtor had no bank account at Bank of America to freeze and thus said averment is denied. It is not known by the Debtor whether the SASB Trust had an account at Bank of America and thus she does not know if any freeze of such an account occurred as alleged. As such, said allegation is denied and strict proof thereof is demanded. It is admitted that the various SSA entity accounts were frozen. By way of further response, Debtor had no ownership interest in, or control, over, said SSA

entity accounts. In addition, the Debtor incorporates Response Paragraph 27 herein by reference.

45. The averments of Complaint Paragraph 45 are denied in that the letter referenced speaks for itself. By way of further answer, it is denied that the Debtor or her spouse are investors in the entities referenced. By way of further Answer, the Debtor incorporates Answer Paragraph 27 herein by reference.

46. The averments of Complaint Paragraph 46 are admitted in part and denied in part. It is admitted that the SSA entity accounts (not owned or controlled by Debtor) were unfrozen. The balance of the averments are denied for the reasons set forth in Answer Paragraphs 43 and 44 above.

47. The averments of Complaint Paragraph 47 are denied for the reasons set forth in Answer Paragraphs 43 and 44 above.

48. The averments of Complaint Paragraph 48 are admitted in part and denied in part. It is admitted that an action was filed. The balance of the averments characterizing the content of said action are denied in that said action speaks for itself.

49. The averments of Complaint Paragraph 49 are admitted in part and denied in part. Averments regarding the Order entered are denied in that said Order speaks for itself. It is admitted that the action was stayed as alleged due to the commencement of Debtor's Chapter 13 Case.

50. The averments of Complaint Paragraph 50 are denied. It is denied that Debtor made numerous false or misleading statements as alleged. On the contrary, it is Sadis which has taken statements out of context and cherry-picked bits of information in an effort

to cast Debtor and her spouse in a false light and mislead this Honorable Court. The

Debtor has made no material misstatements herein.

51. The averments of Complaint Paragraph 51 are admitted. By way of further response,

all such averments are true and correct.

52. The averments of Complaint Paragraph 52 are admitted in part and denied in part. It

is admitted that a document entitled "Confidential Separation Agreement" is attached

to Sadis' Complaint as Exhibit G. Averments regarding the content of said document

are denied in that said document speaks for itself. It should be noted that the

document is in excess of ten (10) years old. It should also be noted that Sadis did not

ask the Debtor about this jewelry during her 2004 exam prior to insinuating

wrongdoing in its Complaint. In any event, the Debtor does not own $165,000.00

worth of jewelry. She owns approximately $5,000.00 worth of jewelry. Her schedules

are true and correct and the averments to the contrary by Sadis are denied.

53. The averments of Complaint Paragraph 53 are denied for the reasons set forth in

Answer Paragraph 52 which is incorporated herein by reference.

54. The averments of Complaint Paragraph 54 are conclusions of law to which no

response is required. To the extent a response is required, said averments are denied

for the reasons set forth in Answer Paragraph 52 which is incorporated herein by

reference.

55. The averments of Complaint Paragraph 55 are denied. The Debtor's referenced

statements do not constitute a false oath or any other "egregious" behavior. On the

contrary, the Debtor answered the question regarding business connections truthfully

and accurately.

56. The averments of Complaint Paragraph 56 are denied in that the testimony referenced speaks for itself. By way of further answer, no matter what out of context averments Sadis makes, and no matter what additional explanatory testimony Sadis ignores, the bottom line is that Debtor had an interest in one (1) entity during the time frame referenced and listed it in her petition. Insinuations do not create interests and the Debtor had no interests beyond what she listed.

57. The averments of Complaint Paragraph 57 are denied as stated for the reasons set forth in Answer Paragraph 56 which is incorporated herein by reference.

58. The averments of Complaint Paragraph 58 are denied as stated for the reasons set forth in Answer Paragraph 56 which is incorporated herein by reference.

59. The averments of Complaint Paragraph 59 are denied as stated for the reasons set forth in Answer Paragraph 56 which is incorporated herein by reference.

60. The averments of Complaint Paragraph 60 are denied as stated for the reasons set forth in Answer Paragraph 56 which is incorporated herein by reference.

61. The averments of Complaint Paragraph 61 are denied. The Debtor and her spouse did not own any assets to transfer. It is true that certain real estate properties in regard to which Debtor provided management services were sold, but not by Debtor or her spouse. It is true that Debtor continues to provide the real estate management services for the properties that were sold. That is how Debtor earns her income. It does not make her an owner of property or give her control over same.

62. The averments of Complaint Paragraph 62 are denied as stated for the reasons set forth in Answer Paragraphs 56 and 61.

63. The averments of Complaint Paragraph 63 are denied as stated for the reasons set forth in Answer Paragraphs 56 and 61.

64. The averments of Complaint Paragraph 64 are denied in that the testimony referenced speaks for itself. By way of further response, it is denied that Debtor "admitted" what Sadis alleges when the testimony of Debtor is viewed in context. Again, the cherry-picked, out of context snippets of information averred by Sadis do not create ownership or control that never existed. Debtor accurately listed her business interests in her petition.

65. The averments of Complaint Paragraph 65 are denied in that the testimony referenced speaks for itself. By way of further response, it is denied that Debtor "admitted" what Sadis alleges when the testimony of Debtor is viewed in context. Again, Sadis' cherry-picked, out of context snippets can not create ownership or control that never existed. Debtor accurately listed her business interests in her petition.

66. The averments of Complaint Paragraph 66 are admitted in part and denied in part. It is admitted that Debtor has portrayed herself "as a self-employed property manager making a meager living by managing other people's properties". By way of further answer, said portrayal is true and accurate. The balance of the averments regarding a newsletter article by an unknown author are denied in that said article speaks for itself. By way of further response, the Debtor has never denied that she tries to facilitate real estate investments by third parties so that she will have more properties to manage and, consequently, increased income. Once again that does not make her an owner or controller of properties and her petition is accurate in all material respects.

67. The averments of Complaint Paragraph 67 are denied for the reasons set forth in
Answer Paragraph 66 which is incorporated herein by reference.

68. The averments of Complaint Paragraph 68 are denied for the reasons set forth in
Answer Paragraphs 38, 39, 55, 56, 61, 64 and 66 which are incorporated herein by
reference.

69. The averments of Complaint Paragraph 69 are denied. The referenced testimony
speaks for itself. The balance of the averments are simply false.

70. The averments of Complaint Paragraph 70 are denied for the reasons set forth in
Answer Paragraphs 38, 39, 55, 56, 61, 64 and 66 which are incorporated herein by
reference.

71. The averments of Complaint Paragraph 71 are denied in that the petition and
testimony referenced speak for themselves. By way of further answer, Sadis again has
cherry-picked information out of context ignoring further, explanatory testimony and
the fact that monies provided from family are loans and are listed in Debtor's petition
as such.

72. The averments of Complaint Paragraph 72 are denied for the reasons set forth in
Answer Paragraph 71 which is incorporated herein by reference. Money borrowed for
living expenses is neither an asset or income, it is a loan obligation which has been
listed in Debtor's schedules.

73. The averments of Complaint Paragraph 73 are denied for the reasons set forth in
Answer Paragraphs 71 and 72 which are incorporated herein by reference.

## Count I

## Objection to Discharge of the Judgment Debt Under 11 USC § 523(a)(2) and 1328 (a)

74. The averments of Complaint Paragraph 74 do not require a response. To the extent a response is required, the Debtor incorporates Answer Paragraphs 1 through 73 herein by reference.

75. The averments of Complaint Paragraph 75 are denied. The Debtor has not engaged in fraud. The judgment referenced was entered by fault and is subject to a pending appeal. The Order referenced speaks for itself but is, in any event, believed to be erroneous and is subject to a pending appeal.

76. The averments of Complaint Paragraph 76 are denied for the reasons set forth in Answer Paragraphs 39, 33, 36, 39, 56, 61, 64 and 66 which are incorporated herein by reference.

77. The averments of Complaint Paragraph 77 are denied. By way of further response, it is noted that this inflammatory averment is made generally on "information and belief" despite the extensive discovery and 2004 process in which Sadis has engaged.

78. The averments of Complaint Paragraph 78 are conclusions of law to which no response is required. To the extent a response is required, said averments are denied for the various reasons set forth above.

## Count II

## Objection to Discharge of Judgment Debt Under 11 USC § 1328(a) and 1330(a)

79. The averments of Complaint Paragraph 79 do not require a response. To the extent a response is required, the Debtor incorporates Answer Paragraphs 1 through 78 herein by reference.

80. The averments of Complaint Paragraph 80 are conclusory, inaccurate, and wholly denied.

81. The averments of Complaint Paragraph 81 are denied for the various reasons set forth

    repeatedly above. The actions averred simply did not happen as alleged.

82. The averments of Complaint Paragraph 82 are denied for the reasons set forth in

    Answer Paragraphs 50, 52 and 55 which are incorporated herein by reference.

83. The averments of Complaint Paragraph 83 are denied for the reasons set forth

    repeatedly above. The facts averred are simply untrue.

84. The averments of Complaint Paragraph 84 are denied for the reasons set forth

    repeatedly above. The facts averred are simply untrue.

85. The averments of Complaint Paragraph 85 are denied for the reasons set forth

    repeatedly above. The facts averred are simply untrue.

86. The averments of Complaint Paragraph 86 are conclusions of law to which no

    response is required. To the extent a response is required, said averments are denied

    for the various reasons set forth above.

### Count III

### Requesting the Court Not Discharge Debt as to Assets Not Disclosed in the Petition, Not

### Administered by the Court, Not in Debtor's Name or Outside the United States

87. The averments of Complaint Paragraph 87 do not require a response. To the extent a

    response is required, the Debtor incorporates Answer Paragraphs 1 through 86 herein

    by reference.

88. The averments of Complaint Paragraph 88 are admitted in part and denied in part. It

    is admitted that Debtor transferred her interests in SSA Capital to the SASB trust. By

    way of further answer, the details and purpose of said transfer are set fort in Answer

    Paragraphs 29, 33, 36 and 39 which are incorporated herein by reference. It is further

admitted that assets which Debtor does not have are not part of her Estate herein.

However, the entire premise of Sadis' Count III is denied in that Debtor has not failed

to disclose any material assets in her petition, holds no undisclosed assets in another

name and holds no undisclosed assets outside the United States. The debt claimed by

Sadis herein against the Debtor is, first of all , disputed and, secondly, should be

discharged herein even if valid. Sadis' references to "assets excluded from discharge"

make no sense. A random car on the street would be an "asset excluded from

discharge" but once discharge is properly granted herein, the averment has no

relevance or meaning.

89. The averments of Complaint Paragraph 89 are denied as stated for the reasons set

forth in Answer Paragraph 88 which is incorporated herein by reference.


WHEREFORE, it is respectfully requested that this Honorable Court enter judgment in

favor of Debtor/Adversary Defendant, Akshita Banerjee.


Respectfully Submitted,

Date: <u>March 20, 2023</u>                       <u>*/s/ John P. Lacher*</u>
                                               John P. Lacher
                                               PA I.D. #62297
                                               501 Smith Drive, Suite 3
                                               Cranberry Twp., PA 16066
                                               (724) 776-8000 (Phone)
                                               (724) 776-8001 (Fax)
                                               jlacher @lynchlaw-group.com