# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | |
| ) | Bankruptcy 21-22031-CMB |
| Akshita Banerjee, ) | |
| ) | (Chapter 13) |
| Debtor in Possession, ) | |
| ----------------------------------------------------- ) | |
| Sadis & Goldberg, LLP ) | |
| ) | Adversary No. 23-02011-CMB |
| Plaintiff, ) | |
| ) | |
| v. ) | Related to Document Nos: 34 & 38 |
| ) | |
| Akshita Banerjee, ) | |
| ) | |
| Defendant. ) | |
| ----------------------------------------------------- ) | |
| Sadis & Goldberg, LLP, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| Anant J. Gandhi, ) | |
| ) | |
| Respondent. ) | |

**NON-PARTY ANANT J. GANDHI'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

AND NOW comes non-party Anant J. Gandhi ("Gandhi"), by and through his undersigned counsel, Richard J. Cromer, Esq., Daniel P. Yeomans, Esq. and Leech Tishman Fuscaldo & Lampl, LLC, and files this Response To Plaintiff's Motion to Compel (the "Response") stating as follows:

## BACKGROUND

1.     On March 31, 2023, Plaintiff, Sadis & Goldberg, LLP ("Plaintiff") served a subpoena to produce documents (the "Subpoena") on Gandhi, with return date of April 17, 2023.

1

A copy of the Subpoena is attached as Exhibit D to Plaintiff's Memorandum of Law in Support of Motion to Compel, Doc. 34.

2. On April 14, 2023, Gandhi, through his former counsel, served Plaintiff's counsel with a letter objecting to the Subpoena in its entirety (the "Objections"), pursuant to Federal Rule of Civil Procedure 45(d)(2)(B). A copy of the Objections is attached as Exhibit E to Plaintiff's Memorandum of Law in Support of Motion to Compel, Doc. 34. The Objections were timely made under Rule 45(d)(2)(B) and detailed at length the grounds upon which Gandhi objected to the Subpoena, including:

> 1.) Gandhi is no longer the Trustee for the SASB Trust and has not served in that capacity since November 2021, and consequently requests pertaining to the SASB Trust are directed to the wrong party as Gandhi has no responsive documents pertaining to the SASB Trust nor can he direct the production of such documents,
>
> 2.) the Debtor has no interest or role in the VGSB Trust, and as such requests related to the VGSB Trust are unrelated to this proceeding and improper. The VGSB Trust is Gandhi's personal trust for which he is the grantor and trustee, and the Debtor is not affiliated with the VGSB Trust,
>
> 3.) the Subpoena, and the broad requests contained therein, imposes an undue burden on Gandhi, a non-party to this proceeding, and
>
> 4.) the Subpoena seeks information and documents not relevant to the proceeding and the claims raised therein.

Gandhi hereby incorporates the Objections by reference in this Response.

3. Following service of the Objections, Plaintiff's counsel and Gandhi's former counsel corresponded regarding the Subpoena and the Objections. As part of this

correspondence, on May 18, 2023, Gandhi's former counsel produced a Resignation Letter, dated August 15, 2021, evidencing that Gandhi had resigned as Trustee of the SASB Trust effective November 1, 2021. A copy of the Resignation Letter is attached as Exhibit G to Plaintiff's Memorandum of Law in Support of Motion to Compel, Doc. 34.

4. Plaintiff filed its Motion to Compel on July 7, 2023. Doc 34. Shortly thereafter, the undersigned counsel was retained by Gandhi to represent him in this matter.

5. On July 17, 2023, the Court entered an Order And Notice Setting Date Certain For Response And Hearing On Motion (the "Scheduling Order") (Doc 38), setting August 3, 2023 as the response deadline to the Motion to Compel, and scheduling hearing on the Motion to Compel to take place on August 24, 2023 at 1:30pm.

6. Pursuant to the Scheduling Order, Gandhi now files the present Response. For the reasons set forth in the Objections and below, Plaintiff's Motion to Compel should be denied.

**RESPONSE**

7. Gandhi is a practicing physician and a non-party to this proceeding.

8. As explained by the U.S. Court of Appeals for the 4th Circuit in *Virginia Dep't of Corr. v. Jordan*, 921 F.3d 180 (4th Cir. 2019):

> All civil discovery, whether sought from parties or nonparties, is limited in scope by Rule 26(b)(1) in two fundamental ways. ***First, the matter sought must be "relevant to any party's claim or defense."*** Fed. R. Civ. P. 26(b)(1).... ***Rule 26 therefore imposes another requirement: discovery must also be "proportional to the needs of the case."*** Id. Proportionality requires courts to consider, among other things, "whether the burden or expense of the proposed discovery outweighs its likely benefit." Id. This relieves parties from the burden of taking unreasonable steps to ferret out every relevant document.
> ***When discovery is sought from nonparties, however, its scope must be limited even more.*** Nonparties are "strangers" to the litigation, and since they have "no dog in [the] fight," they have "a different set of expectations" from the parties themselves. *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998). Bystanders should not be drawn into the parties' dispute without some good

3

reason, even if they have information that falls within the scope of party discovery.

*Virginia Dep't of Corr,* 921 F.3d at 188–89 (4th Cir. 2019)[Emphasis Added]

9. The Court in *Virginia Dep't of Corr* expanded on the heightened undue burden standard applied in connection to non-parties, stating:

> ***A more demanding variant of the proportionality analysis therefore applies when determining whether, under Rule 45, a subpoena issued against a nonparty "subjects a person to undue burden" and must be quashed or modified.*** Fed. R. Civ. P. 45(d)(3)(A)(iv). As under Rule 26, the ultimate question is whether the benefits of discovery to the requesting party outweigh the burdens on the recipient. *In re Modern Plastics Corp.*, 890 F.3d 244, 251 (6th Cir. 2018); *Citizens Union of N.Y.C. v. Att'y Gen. of N.Y.*, 269 F.Supp.3d 124, 138 (S.D.N.Y. 2017). ***But courts must give the recipient's nonparty status "special weight," leading to an even more "demanding and sensitive" inquiry than the one governing discovery generally.*** *In re Public Offering PLE Antitrust Litig.*, 427 F.3d 49, 53 (1st Cir. 2005).

*Virginia Dep't of Corr.*, 921 F.3d at 189 (4th Cir. 2019)[Emphasis Added]

10. Notably, "While Rule 26 still defines the scope of discovery broadly, 'courts should not grant discovery requests based on pure speculation that amount to nothing more than a 'fishing expedition' into actions ... not related to the alleged claims or defenses.' *Collens v. City of New York*, 222 F.R.D. 249, 253 (S.D.N.Y.2004) (collecting cases)." *Mealy v. Ryan Env't, Inc.*, No. C.A. 06-109 ERIE, 2008 WL 596814, at *1 (W.D. Pa. Mar. 4, 2008).

11. In the present matter, the Subpoena directed to Gandhi is replete with overly broad requests for production seeking documents and records that bear no relation to the Debtor or Plaintiff's claims in this adversary proceeding, or otherwise request documents and records that Gandhi does not possess and has no control over. As such, and as detailed in the Objections and more fully below, Gandhi is either unable to respond to the requests in the Subpoena or would suffer undue burden if compelled to respond to the requests in the Subpoena.

4

***Requests Related to the SASB Trust***

12.  Specifically, Request Nos. 1 – 3, 5, 9, 11, 14, 15, 17, 20, 23, 26 and 29 seek documents related or pertaining to the SASB Trust. As detailed above, and as conveyed to Plaintiff both in the Objections and in subsequent correspondence between Gandhi's former counsel and Plaintiff's counsel, Gandhi has not been the Trustee for SASB Trust since November 2021. Gandhi no longer has documents related to SASB Trust in his possession, nor can he direct the production of such documents. Consequently, any requests for documents related to the SASB Trust are not properly directed to Gandhi, and Plaintiff's Motion to Compel should be denied, as Gandhi cannot be compelled to produce documents he simply does not have.

***Requests Related to SSA Capital Advisors, LLC***

13.  Similarly, Request Nos. 4, 8, 13 – 15, 17, 20, 22, 25 and 29 seek documents related or pertaining to SSA Capital Advisors, LLC. As set forth in Plaintiff's Memorandum of Law in Support of Motion to Compel, pp. 3-4, Gandhi's connection and involvement with SSA Capital Advisors, LLC was through his former role as Trustee for the SASB Trust. As discussed above, Gandhi is no longer Trustee for SASB Trust, nor does he have any involvement with SSA Capital Advisors, LLC. For this reason, Gandhi has no documents or records in his possession responsive to the requests related to SSA Capital Advisors, LLC, and as such, any requests for documents related to the SASB Trust are not properly directed to Gandhi. Accordingly, the Motion to Compel should be denied as it pertains to the above requests related to SSA Capital Advisors, LLC.

*Requests Related to the VGSB Trust*

14.  Request Nos. 1 – 3, 6, 10, 12, 14, 15, 17, 20, 24, 27 and 29 seek documents related or pertaining to the VGSB Trust, for which Gandhi is the Trustee. The Debtor is not a beneficiary to the VGSB Trust, as the Debtor testified on December 14, 2022 (See, Rule 2004 Examination Transcript, at 104:18-105:1, attached as Exhibit A to Plaintiff's Memorandum of Law in Support of Motion to Compel, Doc. 34) nor is the Debtor a grantor to the VGSB Trust. Consequently, documents related to the VGSB Trust are not relevant to the adversary proceeding or Plaintiff's claims, nor are requests for the same reasonably calculated to lead to the discovery of admissible evidence.

15.  Further, and in light of the absence of any relationship between the VGSB Trust and the Debtor, the requests related to the VGSB Trust constitute an improper "fishing expedition", are overbroad and would otherwise impose an undue burden, disproportional to the needs of the case, on Gandhi, a non-party to this proceeding.

*The Remaining Requests*

16.  The remaining six (6) requests contained in the Subpoena not previously addressed above are likewise comprised of overbroad and unduly burdensome requests, or otherwise seek documents not relevant to the Adversary Proceeding or Plaintiff's claims.

17.  Specifically, Request No. 7 seeks "All federal and state income tax returns of any other trust for which You are a trustee or a beneficiary." Such request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant information or information likely to lead to the discovery of relevant information, as there is no correlation between the documents sought in the request and the case at hand, nor any indication or evidence that the Debtor has any connection to such trusts. Furthermore, Gandhi is not a trustee or

beneficiary to any other trusts, that he is aware of, and consequently has no documents in his possession responsive to the request.

18. Request No. 16 seeks "All Communications between You and Akshita or Sumanta Banerjee concerning monetary support." Such request is overly broad, as it lacks any time frame, and imposes an undue burden on Gandhi, a non-party, as such information can be properly requested from the Debtor.

19. Request No. 18 seeks "All Documents and Communications concerning any action filed by Sadis & Goldberg, LLP." This request seeks information that would be protected by attorney-client privilege, and is further overbroad and unduly burdensome.

20. Request No. 19 seeks "All Documents and Communications concerning any Separation Agreement between Akshita and Sumanta Banerjee." Similarly, Request No. 21 seeks "All government filings or Agreements signed by Akshita Banerjee or Sumanta Banerjee on behalf of any of the Evergreen Entities." Such requests are properly directed to the Debtor, Sumanta Banerjee or the Evergreen Entities, and to the extent such documents might otherwise be in Gandhi's possession, which he denies, the requests are unduly burdensome on Gandhi, as a non-party.

21. Finally, Request No. 28 seeks "All monthly statements for any investment accounts or bank accounts of any other trust for which you, your wife, Akshita Banerjee, or Sumanta Banerjee are the trustee." As stated previously, the request is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant information or information likely to lead to the discovery of relevant information, as there is no correlation (at least as it pertains to additional trusts of Gandhi and his wife) between the documents sought in the request and the case at hand, nor any indication or evidence that the Debtor has any

7

connection to such trusts. Furthermore, the request as it pertains to the Debtor or Sumanta Banerjee is properly directed to them, individually.

    WHEREFORE, Anant J. Gandhi respectfully requests that this Court deny Plaintiff's Motion to Compel.

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL, LLC

Dated: August 3, 2023

By: */s/ Daniel P. Yeomans*
Richard J. Cromer (Pa. I.D. No. 79214)
Daniel P. Yeomans (Pa. I.D. No. 323449)
525 William Penn Place, 28th Floor
Pittsburgh, PA 15219
(412) 261-1600
rcromer@leechtishman.com
dyeomans@leechtishman.com

*Attorneys for Non-party, Anant J. Gandhi*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | |
| ) | Bankruptcy 21-22031-CMB |
| Akshita Banerjee, ) | |
| ) | (Chapter 13) |
| Debtor in Possession, ) | |
| ------------------------------------------- ) | |
| Sadis & Goldberg, LLP ) | |
| ) | Adversary No. 23-02011-CMB |
| Plaintiff, ) | |
| ) | |
| v. ) | Related to Document Nos: 34 & 38 |
| ) | |
| Akshita Banerjee, ) | |
| ) | |
| Defendant. ) | |
| ------------------------------------------- ) | |
| Sadis & Goldberg, LLP, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| Anant J. Gandhi, ) | |
| ) | |
| Respondent. ) | |

---

**CERTIFICATE OF SERVICE OF RESPONSE TO MOTION TO COMPEL**

I, Daniel P. Yeomans, do hereby certify under penalty of perjury that a true and correct copy of the foregoing *Non-Party Anant J. Gandhi's Response To Plaintiff's Motion To Compel* was served on August 3, 2023, by electronic mail and CM/ECF as follows:

Ben Hutman, Esq.
Sadis & Goldberg, LLP
551 Fifth Avenue
Ste 21st Floor
New York, NY 10176
bhutman@sadis.com

9

and

Gary M. Sanderson, Esq.
Meyer, Unkovic & Scott LLP
535 Smithfield Street
Suite 1300
Pittsburgh, PA 15222
gms@muslaw.com
*Counsel for Plaintiff*

Respectfully submitted,

LEECH TISHMAN FUSCALDO & LAMPL, LLC

Dated: August 3, 2023                              By: */s/ Daniel P. Yeomans*
                                                   Daniel P. Yeomans
                                                   Pa. I.D. No. 323449
                                                   525 William Penn Place, 28th Floor
                                                   Pittsburgh, PA 15219
                                                   (412) 261-1600
                                                   dyeomans@leechtishman.com