# EXHIBIT "A"

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Bankruptcy 21-22031-CMB |
| Akshita Banerjee, | ) | |
| | ) | |
| Debtor in Possession. | ) | |
| ------------------------------------------------------------ | ) | |
| | ) | |
| Sadis & Goldberg, LLP, | ) | |
| | ) | Adversary No. 23-02011-CMB |
| Plaintiff, | ) | |
| | ) | Related Docket Nos. 42, 49 |
| v. | ) | |
| | ) | Docket No._____ |
| Akshita Banerjee, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>CONFIDENTIALITY AGREEMENT</u>

AND NOW, comes Non-Party, Steven M. Cherin, and Plaintiff, Sadis & Goldberg, LLP, by and through their undersigned counsel, who have reached the following Confidentiality Agreement governing the production, dissemination, and use in the course of this cause of action of documents, data, testimony, or any and all other information both regard as confidential, proprietary, or commercially sensitive, and respectfully request this Court enter this Confidentiality Agreement into the record via Court Order.  The terms of this Confidentiality Agreement are as follows:

1.     If either Non-Party, Steven M. Cherin (hereinafter "<u>Mr. Cherin</u>"), or Plaintiff, Sadis & Goldberg, LLP (hereinafter "<u>Plaintiff</u>"), (individually "<u>Party</u>" or collectively "<u>Parties</u>"), believe that any document, data, testimony, or other information or material, or any portion thereof, that will be produced or disclosed by that Party or a third party in discovery in this cause of action (hereinafter "Action") contains: a) confidential and/or sensitive business information, trade

secrets, proprietary data, or commercial or personal information, or b) information that is subject

to a non-disclosure or confidentiality agreement, the Party may designate such materials as

"Confidential" by stamping such materials with the legend "CONFIDENTIAL" or otherwise

clearly identifying such materials to counsel in writing as Confidential, such as by cover letter.

For the purposes of this Confidentiality Agreement, Confidential Materials shall include the

documents, information, and material designated as "Confidential" pursuant to this paragraph, and

any copies, portions, summaries, analyses, or excerpts thereof.

2.      A Party may further designate certain Confidential Materials as "Attorneys Eyes

Only" (which materials will be considered as a subset of Confidential Materials) by stamping such

information or materials with the legend "ATTORNEYS EYES ONLY" or otherwise clearly

identifying such materials to counsel in writing as Attorneys Eyes Only, such as by cover letter, if

the Party believes in good faith that such information is of such a heightened sensitive, commercial,

or competitive nature that such a designation is warranted.  For the purposes of this Confidentiality

Agreement, materials designated as Attorneys Eyes Only shall include the documents, information,

and material designated as "Attorneys Eyes Only" pursuant to this paragraph, and any copies,

portions, summaries, analyses, or excerpts thereof.

3.      A Party may designate information disclosed at a deposition as Confidential or

Attorneys Eyes Only Information by requesting the reporter to so designate the transcript or any

portion thereof at the time of the deposition. If no such designation is made at the time of the

deposition, any party shall have fourteen (14) calendar days after the date of the deposition to

designate, in writing to the other parties and to the court reporter, whether the transcript is to be

designated as Confidential or Attorneys Eyes Only.  If no such designation is made at the deposition

or within such fourteen calendar-day period (during which period, the transcript shall be treated as

Attorneys Eyes Only, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Attorney Eyes Only Information. Each Party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody, or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

4.      Should any Party object to the classification of materials as Confidential Materials and/or Attorneys Eyes Only, and should the parties be unable to resolve the objection informally, then the Party objecting to such classification may seek a ruling from the Court determining that the materials are not properly designated as Confidential Materials and/or Attorneys Eyes Only within fourteen (14) days of designation of the materials as such.  Unless and until the Court rules to the contrary, all materials designated as Confidential Materials and/or Attorneys Eyes Only shall be treated as prescribed in this Confidentiality Agreement for materials so designated.

5.      No Party concedes that documents or information designated by any other party as Confidential Materials and/or Attorneys Eyes Only in fact contain or reflect confidential or proprietary information or have been properly so designated.  A party shall not be  obligated to challenge the propriety of the designation of documents or information as Confidential Materials and/or Attorneys Eyes Only at the time made, and failure to do so shall not preclude a subsequent challenge thereof.

6.      All Confidential Materials shall be used by Plaintiff, Sadis & Goldberg, and/or Defendant, Akshita Banerjee (individually "Party to the Action", collectively "Parties to the Action") (and/or anyone else entitled to receive them pursuant to the terms of this Confidentiality Agreement) to whom they are disclosed and/or their attorneys solely for the purposes of preparing for and conducting the Action

or any other action between or among the Parties to the Action, and all related appeals, and shall

not be used in any manner outside of a legal action between or among the Parties to the Action,

nor for any other purpose.

7.    Confidential Materials, excluding materials designated as Attorneys Eyes Only

(which are addressed in Section 8 below), shall not be disclosed in any manner to any person or

entity except to:

a.    counsel of record and in-house counsel for any of the parties to the Action, including attorneys regularly employed or retained by such counsel and clerical, paralegal, and secretarial staff employed or retained by such counsel and who are assisting counsel in connection with the Action;

b.    parties to this Action, including officers, directors, representatives or employees of a party who the party in good faith determines need access in connection with assisting in the evaluation, prosecution or defense of the Action;

c.    experts assisting any party to this Action in the evaluation, prosecution, or defense of the Action, provided that such persons are first given a copy of this Confidentiality Agreement and execute the certificate in the form annexed hereto, which certificate shall be retained by counsel for such party;

d.    any witness called to give testimony in this Action, provided that the witness shall not be provided a copy of the document, but may only be shown the document while providing testimony, and provided that the witness first agrees, in writing or on the record, to maintain the confidentiality of the document and any information contained therein;

e.    court reporters or stenographers employed in connection with the Action;

f.    the Court and Court personnel;

g.    the mediator enlisted by the parties to this Action for any ADR session;

h.    as required by federal, state, or other regulatory agencies; or

i.    as otherwise agreed to in writing by the Parties, or as required by law.

8.    Materials designated Attorneys Eyes Only shall not be disclosed in any manner to

any person or entity other than as set forth in Section 7(a), (c), (e), (f), (g), (h), and/or (i).

9.    The foregoing shall be without prejudice to the right of the Parties hereto to object to the production of materials they consider not subject to discovery.  The production, dissemination, and use of Confidential Materials in the course of this Action shall not waive any privilege or any other objection to the use of such materials in this Action.

10.    Any and all documents, records, Confidential Materials, documents marked Attorneys Eyes Only, and/or any and all other materials produced during discovery of this Action by Mr. Cherin may be, prior to production and at Mr. Cherin's sole discretion, redacted by Mr. Cherin to redact the names and/or any and all other confidential information of individuals not related to this Action, the names of any and all business entities associated with those individuals, and any and all information regarding the business activities of those individuals and/or entities, as agreed to by Mr. Cherin and Plaintiff prior to the execution of this Confidentiality Agreement. Also pursuant to the previous agreement between Mr. Cherin and Plaintiff, the following individuals and/or entities may not be redacted from any materials produced by Mr. Cherin:

    a.    Akshita Banerjee;

    b.    Sumanta Banerjee;

    c.    Dr. Anant J. Gandhi;

    d.    Reba Banerjee;

    e.    Any other member of the Banerjee family;

    f.    Steven M. Cherin;

    g.    SASB Trust;

    h.    VGSB Trust;

    i.    Salil, Reba, Sassab Trust;

    j.    SSA Capital Advisors, LLC;

k.      SSA Capital Members, LLC; and

l.      Harvester Partners.

11.     Before filing or offering as exhibits any pleadings or other documents that contain

Confidential Materials, the parties shall confer and attempt to agree on redactions that would

permit the filing or offering of the pleadings, exhibits, or other documents in open court. If the

parties are unable to agree on such redactions, the party seeking to file or offer the documents shall

move the Court for an order permitting such pleadings or other documents to be filed or offered

under seal.  No pleadings or other documents that contain Confidential Materials shall be filed or

offered before the Court's ruling on any such motion.

12.     Within thirty (30) days after the termination of the Action, including any and all

related appeals, the parties shall return all Confidential Materials, and all electronic and/or paper

copies thereof, to the party who produced such materials and/or (at the option of the producing

party) certify in writing that these materials have been destroyed, and such return or destruction

shall include any Confidential Materials a Party shared with any person pursuant to Sections 7 or

8 hereof. However, counsel of record and/or in-house counsel, but not a Party, may retain copies

of: (i) documents filed with a court; (ii) documents used as exhibits at any trial, hearing, or

deposition in connection with the Action; (iii) transcripts of any hearing, deposition or trial in

connection with the Action; and (iv) attorney work product, whether or not such work product

contains or references Confidential Materials.

13.     Nothing contained herein shall prevent any party from disclosing its own

Confidential Materials (*e.g.* materials containing that Party's own sensitive business information,

proprietary data or commercial or personal information) as it deems appropriate, and any

disclosure or use by a Party of its own Confidential Materials shall not be a waiver of the provisions

contained herein.

14.     If Confidential Materials in the possession of a receiving Party are subpoenaed by

any court, administrative, or legislative body, or any other person purporting to have authority to

subpoena such information, the Party to whom the subpoena is directed shall give written notice

of the subpoena (including the delivery of a copy thereof) to the attorneys for the producing Party

at least five (5) business days before the time when production of the information is requested by the

subpoena.  In the event that the subpoena purports to require production of such Confidential

Materials on less than five (5) business days' notice, the Party to whom the subpoena is directed

shall give immediate telephonic notice of the receipt of such subpoena, and forthwith deliver a copy

thereof by hand, facsimile, or email, to the attorneys for the producing Party.  Absent a court order

to the contrary, the Party to whom the subpoena is directed may comply therewith; however, if

application for a protective order is made promptly before the return date, the Party to whom the

subpoena is directed shall not produce such Confidential Materials before receiving a court order

or the consent of the producing Party.

15.     In the event that Confidential Materials are disclosed to someone not authorized

under the terms of this Confidentiality Agreement to receive such information, counsel of record

for the Party involved with the disclosure shall, if and to the extent permitted by applicable rules of

professional conduct and privilege, immediately inform counsel of record for the producing Party,

describing the circumstances surrounding the unauthorized disclosure, and shall take reasonable

steps to retrieve the Confidential Materials.

16.     The inadvertent disclosure of any document that is subject to a legitimate claim that

such document should have been withheld from disclosure on the basis of the attorney-client

privilege, work product doctrine, or any other privilege ("Protected Material"), shall not waive any

privilege or other applicable protection for such document or for the subject matter of the document

if the producing Party, upon becoming aware of the disclosure, promptly requests the return of

such document.   Except in the event that the requesting party disputes the claim of privilege or

protection, any documents that the producing party deems to contain inadvertently disclosed

Protected Material shall be, upon written request, promptly returned to the producing Party or

destroyed, at the producing Party's option.  This includes all copies, electronic or otherwise, of any

such documents.   In the event that the producing Party requests destruction, the requesting party

shall provide written certification of compliance within ten (10) days of such written request.   In

the event that the requesting Party disputes the producing Party's claim as to the protected nature

of the material or the claim that it was inadvertently disclosed, a single set of copies may be

sequestered and/or retained by and under the control of the requesting Party's counsel for the sole

purpose of seeking a determination of the issue by the Court.

17.    This Confidentiality Agreement may be modified only by written agreement

signed by counsel for the Parties or upon Order of Court.  No term of this Confidentiality

Agreement shall be waived except by means of a writing executed by the waiving party.

18.    The terms of this Confidentiality Agreement shall survive the termination of this

Action and continue in full force and effect.

Date:  August 18, 2023           By:    */s/ Alexander Y. Wilkinson*

John M. Steiner, Esq. (PA I.D. No. 79390)
jsteiner@leechtishman.com
Alexander Y. Wilkinson, Esq.
(PA I.D. No. 329435)
awilkinson@leechtishman.com

LEECH TISHMAN FUSCALDO & LAMPL, LLC
525 William Penn Place, 28th Floor
Pittsburgh, PA  15219
Telephone:  412.261.1600
*Counsel for Steven M. Cherin*

Date:  August 18, 2023           By:    */s/ Ben Hutman*

Ben Hutman, Esq.
bhutman@sadis.com

SADIS & GOLDBERG, LLP
551 Fifth Avenue, 21st Floor
New York, NY 10176
Telephone:  212.947.3793
*Counsel for Plaintiff*